UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE CLOUD AS TRUSTEE OF THE DOROTHY I. GAVLE REVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DARYL VAN NESS, ROUND PRAIRIE LUTHERAN CHURCH and DOES 1–100,<br><br>Defendants. | No.  2:14-cv-02308-TLN-AC<br><br>**ORDER** |

The matter is before the Court on Defendant Round Prairie Lutheran Church's ("Round Prairie") Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, Motion to Transfer.  (ECF No. 8.)  Plaintiff Kristine Cloud, Trustee for the Dorothy I. Gavle Trust, has opposed the Motion.  (ECF No. 21.)  For the reasons discussed below, Defendant's Motion is GRANTED, with leave for Plaintiff to amend.

**FACTS**

The Court restates near-verbatim the allegations in the complaint.  (ECF No. 1 ¶¶ 3–24.) Plaintiff's mother is Dorothy Van Ness (hereinafter "Dorothy"), formerly Dorothy Gavle, who had two daughters including Plaintiff with her first husband Orice Gavle.  Orice Gavle passed away in 1976.  Dorothy married Defendant Van Ness in 1978.  On August 7, 1997, in San

1    Joaquin County, California, Dorothy created the Dorothy I. Gavle Revocable Living Trust (the
2    "Trust") naming herself as settlor and trustee.  Plaintiff was named successor trustee.  The trust
3    was created with Dorothy's separate property from her first marriage and identifies Dorothy's
4    daughters as beneficiaries of the Trust.  (ECF No. 1 ¶¶ 6–8.)

5    On or about August 7, 1997, Dorothy executed a "Durable Power of Attorney, naming
6    Defendant Van Ness to act as her Attorney in Fact," which established Van Ness' fiduciary duties
7    to the trust and to Plaintiff and her sister.  On or about September 9, 2012, Dorothy executed the
8    "First Amendment to the Durable Power of Attorney".  (ECF No. 1 ¶ 9–10.)

9    Dorothy opened and maintained an account (the "Account") at Farmers and Merchants
10   Bank (the "Bank") in Sacramento County, California, in the name of Dorothy I. Gavle, Trustee of
11   the Dorothy I. Gavle Revocable Trust.  The Bank is a California entity, with its principal place of
12   business in California and with branch locations exclusively in California.  (ECF No. 1 ¶ 11.)

13   On or about October 2, 2012, Van Ness made a check payable to Round Prairie Lutheran
14   Church in the amount of $150,000, with the words "Gift to Church" written in the memo line,
15   drawing on the Account.  The check was deposited by Round Prairie, and thereafter the Account
16   was debited for that amount by the Bank.  Round Prairie is located in Freeborn County,
17   Minnesota.  (ECF No. 1 ¶¶ 5, 12.)

18   On or about January 1, 2013, "Dorothy was diagnosed with dementia and Alzheimer's
19   disease with behavioral disturbance."  (ECF No. 1 ¶ 13.)

20   On or about February 11, 2013, Defendant Van Ness made a check payable to Pershing
21   LLC, in the amount of $45,000, with "157159294" written in the memo line, drawing on the
22   Account.  The check was deposited by Pershing LLC, and thereafter the Account was debited for
23   that amount by the Bank.  Again on February 14, 2013, Van Ness made a check payable to
24   Pershing LLC, in the amount of $45,000, with "157159294" written in the memo line, drawing on
25   the Account; the check was deposited by Pershing LLC, and thereafter the Account was debited
26   for that amount by the Bank.  (ECF No. 1 ¶¶ 14–15.)

27   On or about June 17, 2013, Defendant Van Ness made a check in the amount of $320,000
28   payable to Round Prairie, drawing on the Account.  The check was deposited by Round Prairie;

however, thereafter on or about June 18, 2013, the Bank stopped payment on the check and credited the Account in the amount of $320,000, because Van Ness was not an authorized signatory of the Account.  (ECF No. 1 ¶ 16.)

On or about August 8, 2013, Defendant made a check payable to Round Prairie, in the amount of $465,000, with "Gift to Church" written in the memo line, drawing on the Account.  The check was deposited by Round Prairie, and thereafter the Account was debited for that amount by the Bank.  (ECF No. 1 ¶ 17.)

On or about August 9, 2013, Defendant Van Ness made a check payable to Round Prairie, in the amount of $10,000, with "Gift to Church" written in the memo line, drawing on the Account.  Thereafter, the check was deposited by Round Prairie, and the Account was debited for that amount by the Bank.  (ECF No. 1 ¶ 18.)

On or about August 23, 2013, Dorothy died of natural causes with dementia as a contributing factor.  During the time Defendant Van Ness made checks drawing on the Account, Dorothy was incapacitated as a result of dementia and Alzheimer's disease and could not assent to these transactions.  Van Ness was not an authorized signatory of the Account, and was not empowered to draw upon the Account, withdraw Trust funds, or make gifts using Trust assets.  (ECF No 1. ¶¶ 19–21.)

Plaintiff further alleges that neither she nor her sister discovered Plaintiff was appointed successor trustee of the Trust until after Dorothy's death.  Neither she nor her sister discovered the transactions initiated by Van Ness until Plaintiff was appointed successor trustee of the Trust after Dorothy's death.  Plaintiff alleges that but for said transactions she and her sister, as beneficiaries of the Trust, would have received the funds held by the Trust upon Dorothy's death. (ECF No. 1 ¶¶ 22–24.)

**PROCEDURAL HISTORY**

Plaintiff filed the instant complaint on October 2, 2014.  (ECF No. 1.)  The complaint brings five causes of action: 1) Conversion against Defendant Round Prairie; 2) Conversion against Defendant Van Ness; 3) Intentional Interference with Prospective Economic Advantage

against Defendant Van Ness; 4) Breach of Fiduciary Duty against Defendant Van Ness; and 5) Intentional Interference with Expected Inheritance against Defendant Van Ness.

On November 21, 2014, Defendant Round Prairie filed a motion to dismiss for lack of jurisdiction, or in the alternative, motion to transfer venue.  (ECF Nos. 8 & 9.)  Round Prairie also filed six supporting declarations.  (ECF Nos. 10–15.)   Plaintiff filed an opposition on January 15, 2015.  (ECF No. 21.)  Plaintiff also filed objections and motions to strike four of Round Prairie's supporting declarations.  (ECF Nos. 21-1–21-4.)  Defendant filed a reply on January 22, 2015.  (ECF No. 22.)  The matter was submitted without oral argument on October 22, 2015.

## ANALYSIS

### I. Threshold standard and general jurisdiction

Defendant Round Prairie argues that this Court lacks personal jurisdiction over it.  Federal Rule of Civil Procedure 12(b)(2) permits a Defendant to seek dismissal of an action for lack of personal jurisdiction.  Plaintiff bears the burden of showing that the Court has personal jurisdiction.  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). *See also Browne v. McCain*, 612 F. Supp. 2d 1118, 1122 (C.D. Cal. 2009) ("[T]he court only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.  Although the plaintiff cannot simply rest on the bare allegation of its complaint, uncontroverted allegations in the complaint must be taken as true.") (internal citations omitted).

"California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same. []  For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mavrix*, 647 F.3d at 1223 (citing *International Shoe Co. v.*

4

*Washington,* 326 U.S. 310, 316 (1945); *Milliken v. Meyer,* 311 U.S. 457, 463 (1940); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)).

There may be a showing of sufficient "minimum contacts" when the defendant's contacts with the forum state are so "continuous and systematic as to render them essentially at home in the forum State," i.e. there is "general jurisdiction". *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (U.S. 2011) (internal citations omitted). Relative to general jurisdiction, Defendant argues: "It is undisputed that that Church: (1) does not conduct ministry or business in California; (2) does not own real or personal property in California; (3) pays no California taxes; (4) maintains no bank accounts, brokerage accounts or other financial assets in California; (5) has no registered agent for service of process in California; (6) is not authorized to do business in California; and (7) maintains no offices, telephone listings, post office boxes or mailing address in California." (ECF No. 9 at 13.) The Court agrees that general jurisdiction is not present. Therefore the Court turns to an analysis of specific jurisdiction.

## II.   Specific jurisdiction

There also may be a showing of sufficient minimum contacts if the claim arises out of the defendant's specific activities in the forum state, i.e. if there is "specific jurisdiction". The Ninth Circuit has analyzed specific jurisdiction under a three-part test: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. [Plaintiff] bears the burden of satisfying the first two prongs. If [Plaintiff] does so, the burden then shifts to [Defendant] to set forth a compelling case' that the exercise of

5

jurisdiction would not be reasonable." *Mavrix,* 647 F.3d at 1227–28 (9th Cir. 2011) (emphasis omitted) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).[1]

With respect to purposeful availment, specifically, a "non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

A. "Consummate some transaction" and purposeful availment

Plaintiff argues that Round Prairie consummated a transaction with California and/or a California resident, and purposefully availed itself of California, because Round Prairie tendered checks for withdrawal from a bank whose principal place of business is in California, while knowing that the Trust was located in California and Defendant Van Ness was a citizen of California.

In support, Plaintiff references *Dole Food Company, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002). In *Dole*, plaintiff corporation Dole sued foreign former employees on fraud-related causes of action, and the employees moved to dismiss on the basis of lack of personal jurisdiction. In response, Dole alleged that defendants individually targeted it in California. The Ninth Circuit found: "[b]ecause [defendants] knew that Dole's principal place of business was in California, knew that the decisionmakers for Dole were located in California, and communicated directly with those California decisionmakers, we conclude that their actions were 'expressly aimed' at

---

[1] *See also Walden v. Fiore*, 134 S. Ct. 1115, 1121–23 (2014) (internal citations omitted): "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State. Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State … It is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction … Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."

the forum state." *Id.* at 1112. Plaintiff also references *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062 (1990) (cited in *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1087 (2000)) (holding that an Alabama resident could be haled into a California court on the basis of a letter she sent to an insurance company representing that she was entitled to an insurance payment that actually belonged to a California resident).

Defendant's main argument in response is that the receipt and deposit of a check does not subject the recipient to jurisdiction in the state where the payor's bank account is located. Defendant argues: "The [Round Prairie] Church never initiated any contact with either Mrs. or Mr. Van Ness about donations while they were in California. Indeed no attempts to solicit donations occurred anywhere. All discussions about the donations, the receipt of the donations and the deposit of the donations into a Minnesota bank account by the Church occurred while [Dorothy and Defendant Van Ness] were either visiting or living in Minnesota. [¶] Further, the relationship between [Dorothy] and the Church which prompted her charity was forged in her early youth, during her attendance of church services and her first marriage at the Church, all before she ever lived in California. In sum, the Church's receipt of donations in Minnesota and depositing of the donations in Minnesota cannot confer personal jurisdiction to be sued in California." (ECF No. 8 at 17.)

Defendant cites *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416–17 (1984) for its statement that: "Common sense and everyday experience suggest that, absent unusual circumstances, the bank on which a check is drawn is generally of little consequence to the payee and is a matter left to the discretion of the drawer. Such unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." However, the context for that statement was whether general jurisdiction was present. *See id.* at 415–16 ("We thus must explore the nature of Helicol's contacts with the State of Texas to determine whether they constitute the kind of continuous and systematic general business contacts … We hold that they do not").

7

1    Defendant also cites *Bray v. Kendall*, 2010 WL 56181 at *5 (N.D. Cal. Jan. 5, 2010)
2 ("drawing funds from a California bank account is not sufficient to establish jurisdiction in
3 California"); *Intl. Beauty Products, LLC. v. Beveridge*, 402 F. Supp. 2d 1261, 1275 (D. Colo.
4 2005) ("With respect to the checks and wire transfers, the fact that checks are drawn on a
5 Colorado bank account is not sufficient to show harm in Colorado when, as here, the checks are
6 cashed in another state"); and *Holiday v. 3Com Corp.,* No. 00-cv-1034-B (Dist. Wyo. Nov. 30,
7 2000) ("[T]he bank account in question belonged to the Plaintiff and was merely the passive
8 repository for [his] salary checks.  Assuming arguendo that [the employer] knew that they were
9 making payments to a Wyoming bank, rather than a generic bank account with a multistate
10 financial institution, more is required to show that Defendant purposefully availed itself of the
11 laws of Wyoming and may be haled in to this Court consistent with the Due Process Clause").[2]

12    While there are factual differences between the instant matter and the aforementioned
13 cases, the precedent stated in *Helicopteros*, *Bray*, *Intl. Beauty*, and *Holiday* supports Defendant's
14 position that, absent other facts, the receipt and deposit of a check does not subject the recipient to
15 jurisdiction in the state where the payor's bank account is located.  The Court is given pause
16 because, as a close reading of *Lake* reveals, personal jurisdiction is permitted where Defendant
17 has "consummate[d] some transaction with the forum *or resident thereof*."  *Lake*, 817 F.2d at
18 1421 (emphasis added).  Here, Plaintiff alleges that Round Prairie accepted a check made out by
19 Defendant Van Ness, who was a resident of California.  Nonetheless, to adhere to this narrow
20 reading of the language from *Lake* is to excise it from its full context, which is: "[t]he non-
21 resident defendant must purposefully direct his activities or consummate some transaction with
22 the forum or resident thereof; or perform some act by which he purposefully avails himself of the
23 privilege of conducting activities in the forum, thereby invoking the benefits and protections of its
24 laws."  *Id.*  Further, in *Bray* and *Intl. Beauty*, the plaintiffs were residents of the forum state and
25 completed more compelling transactions with defendants than those at issue here.  (in *Bray*, a real

---

[2] *See also Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014) (declining to find specific jurisdiction in California based in part upon allegations that "trust funds were 'moved' from Michigan to California simply because brokerage accounts were opened with Charles Schwab, a company based in San Francisco").

estate contract and the withdrawal from a California bank account; and in *Intl. Beauty*, the completion of sales and other business in Colorado, and dozens of withdrawals from Colorado bank accounts.)  The *Bray* and *Intl. Beauty* courts nonetheless found personal jurisdiction lacking.  The strongest connection with the forum state in the instant case, by contrast, appears to be Prairie Church's connection with Defendant Van Ness and Dorothy, not Plaintiff Kristine Cloud or the Trust.

Defendants also distinguish *Dole*, which is the primary case relied upon by Plaintiff.  The *Dole* defendants had frequent communication with the Dole corporation in California, including by telephone, fax, and mail, and traveled to California for meetings with Dole in order to convince it to change its distribution system in furtherance of a fraudulent scheme.  *Dole*, 303 F.3d at 1108–10.  Here, allegations of purposeful direction or availment by Round Prairie are only marginally raised by the fact that Round Prairie knew Van Ness was a California resident at the time it accepted checks from him; knew that the Trust was located in California; and knew that the Bank was located in California.  These activities are not analogous to those at issue in *Dole*.  Plaintiff does not identify any activity by Round Prairie that indicates it purposefully targeted or availed itself of California as a forum.  For example, Plaintiff objects on evidentiary grounds to some of Round Prairie's attached Declarations which state that Round Prairie does not conduct any fundraising in California and never solicited donations from Dorothy or the Trust.  Plaintiff does not allege that Round Prairie actually *does* conduct any business or fund-raising in California, or solicited any donations at issue in this case.  (*See* Decl. of Jerome Wuerflein, Pres. of Round Prairie Church, ECF No. 15 ¶¶ 15–19.)

The Court has reviewed and considered the authorities cited by both parties, and finds the weight of those authorities lies with Defendant Round Prairie.  For the reasons presented in the foregoing analysis, the Court finds Plaintiff has not established a prima facie case to meet the first prong of the *Lake* test.

//

//

9

B. <u>Forum-related activities</u>

Plaintiff also argues the alleged harm would not have arisen but for Round Prairie's actions, and the brunt of the harm occurred in California.  *See Mavrix*, 647 F.3d at 1227–28 ("the claim must be one which arises out of or relates to the defendant's forum-related activities"); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) (using a "'but-for' test to determine whether a particular claim arises out of forum-related activities…"); *Core-Vent Corp. v. Novel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993) (considering where the brunt of the harm occurred relevant to specific jurisdiction).[3]

While it appears undisputed that Plaintiff would not have a claim but for the fact that Round Prairie deposited the checks it was given by Defendant Van Ness, the Court views Round Prairie's conduct to be connected to California only in an attenuated way.[4]  The "but-for" test first adopted in *Shute v. Carnival Cruise Airlines*, 897 F.2d 377, 385 (9th Cir. 1988), and affirmed at least as of *Ballard*, is a test of what is necessary – not sufficient – for jurisdiction.

With respect to where the harm occurred: "mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.  The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).  For the reasons cited above, the Court does not find Round Prairie's conduct connects it to this forum in a meaningful way.

Because the Court finds Plaintiff has not established that Round Prairie purposefully directed its activities at or availed itself of California, and has not established that the claims against this Defendant arise out of its forum-related activities, the Court does not address whether

---

[3] *But see Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984) (finding jurisdiction proper even though it was "undoubtedly true that the bulk of harm done to petitioner occurred outside [the forum]"); *Core-Vent Corp.*, 11 F.3d at 1492–93 (Wallace, C.J., dissenting).

[4] Whether Round Prairie's conduct is "too attenuated" may be better analyzed under the "reasonableness" prong of the *Lake* test, which the Court does not reach.

jurisdiction in California is reasonable. *Lake*, 817 F.2d at 1421.  The Court finds Plaintiff has not established a prima-facie case of personal jurisdiction.

### III.     Conclusion

Plaintiff's Motions to Strike (ECF Nos. 21-1 through 21-4) Defendant's Supporting Declarations under the Federal Rules of Evidence are DENIED.  Plaintiff cites no standard setting forth the extent to which the Federal Rules of Evidence apply to declarations supporting a motion to dismiss for lack of personal jurisdiction.  Moreover, this Court has stated in full Plaintiff's allegations, accepted these allegations as true, and does not find Plaintiff has stated a sufficient factual and legal basis for personal jurisdiction. *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985) ("conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists"); *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) (internal citations omitted) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party").

Defendant's Motion to Dismiss (ECF No 8) under Fed. R. Civ. P. 12(b)(2) is GRANTED WITH LEAVE TO AMEND.  The Court reserves ruling on the issues relevant to venue under 28 U.S.C. § 1391(b), and transfer under 28 U.S.C. § 1404(a).

Dated:  November 18, 2015

Troy L. Nunley
United States District Judge